**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**SUNLAND CONSTRUCTION INC ET AL**

**CASE NO. 6:26-CV-02955**

**JUDGE S. MAURICE HICKS, JR.**

**MAGISTRATE JUDGE CAROL B. WHITEHURST**

# MEMORANDUM RULING

Before the Court is the Motion to Lift Stay filed on behalf of Claimant Rickey Darcey ("Darcey"). (Rec. Doc. 12). Sunland Construction, Inc., and Sunland-Kori Services, LLC, (collectively, "Sunland"), oppose the Motion. (Rec. Doc. 15). Considering the evidence, the law, and the arguments of the Parties, and for the reasons explained below, the Motion is DENIED.

## Facts and Procedural History

This limitation proceeding was initiated by Sunland as owners and/or operators of the 2008 Gaudet crewboat bearing Hull ID No. RJGCM379A808 (the "Vessel") on August 7, 2026, when they filed a Verified Complaint for Exoneration from or Limitation of Liability for any loss, damage, injury, or destruction caused from/by an incident occurring on February 9, 2026, when the Vessel was operating along the Neches River and allided with a sandbar. (Rec. Doc. 1). On August 14,

2026, the Court entered an Order Directing the Issuance of Notice to Claimants and Restraining Prosecution of Claims wherein the commencement and/or further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution thereafter of any and all suits, actions, or proceedings, of any nature and description whatsoever in any jurisdiction were retrained, stayed, and enjoined until the hearing and determination of this action. (Rec. Doc. 7).

On September 8, 2026, Darcey answered the Verified Complaint and asserted a personal injury claim for injuries sustained as a result of the February 9, 2026 incident. (Rec. Docs. 9 & 10). On September 15, 2026, Darcey filed the Motion to Lift Stay (Rec. Doc. 12) presently before the Court requesting that any stay, injunction, preliminary injunction, or temporary restraining order be lifted so that he can prosecute a cause of action against Sunland in Texas state court. Darcey asserts that his Motion should be granted because he entered stipulations sufficient under Fifth Circuit jurisprudence to lift a limitation injunction. (Rec. Doc. 12-1). Darcey stipulated to the following:

a. That SUNLAND CONSTRUCTION, INC., and SUNLAND-KORI SERVICES, LLC, as owners and/or operators of the 2008 Gaudet crewboat bearing Hull ID No. RJGCM379A808, are entitled to and have the right to litigate all issues relating to limitation of liability in federal court;

b. That RICKEY J. DARCEY will not seek in any court other than this one any judgment or ruling on the issue of SUNLAND CONSTRUCTION, INC.'s and SUNLAND-KORI SERVICES, LLC's right to limitation of liability as

owners and/or operators of the 2008 Gaudet crewboat bearing Hull ID No. RJGCM379A808;

c. That RICKEY J. DARCEY consents to waive any claim of *res judicata* relevant to any issue related to limitation of liability based on any judgment that any court other than this one may render; and

d. That RICKEY J. DARCEY will not seek and will not enforce any judgment and will not recover in excess of the value of the vessel and her freight then-pending, pending the adjudication of the complaint of limitation of liability in this Court.

(Rec. Doc. 11).

At the time Darcey filed his stipulation and motion to lift stay, he was the only claimant. However, on October 1, 2026, ACE American Insurance Company ("ACE Insurance") filed a timely Answer and claim. (Rec. Doc. 14). Sunland contends that Darcey's motion to lift stay must be denied because the total amount of claims may exceed the declared value of the vessel and its pending freight and all claimants have not entered into the limitation of liability stipulation. (Rec. Doc. 15).

**Law and Analysis**

The Limitation Act is designed to protect shipowners in those cases where the losses claimed exceed the value of the vessel and freight. *Magnolia Marine Transp. Co. v. LaPlace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992). When a vessel owner brings an action under the Limitation Act, "all claims and proceedings against the owner related to the matter in question shall cease." 46 U.S.C. § 30529(c). Accordingly, when a limitation action is filed, federal district courts stay all related

claims against the shipowner pending in any forum and require all claimants to assert their claims in the limitation court. Fed. R. Civ. P. Supp. R. F(3); *see also Magnolia*, 964 F.2d at 1575.

While federal courts retain exclusive jurisdiction over matters relating to a shipowner's limitation rights, a claimant may nonetheless sue in the forum of his choice under the saving to suitors clause as long as a shipowner's rights are protected. *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996). A federal district court must allow a state court action to proceed "(1) when the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight, and (2) when *all claimants* stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court." *Id*. (emphasis in original).

Here, Darcey filed his motion to lift stay prior to Ace Insurance's claim, and Ace Insurance has not joined in his Limitation of Liability Stipulation. As noted, the Fifth Circuit has made clear that all claimants are required to enter into a stipulation that would protect the shipowner's right to limit its liability for claims to be permitted to proceed outside the limitations action. *Id*.; *see also Complaint of Port Arthur Towing Co. on Behalf of M/V Miss Carolyn*, 42 F.3d 312, 316 (5th Cir.

1995). The stipulation proposed by Darcey is inadequate to protect Sunland's right to limit its liabilities as it does not bind all necessary parts. Accordingly, the Motion to Lift Stay must be denied.

## Conclusion

For the reasons discussed herein, the Motion to Lift Stay filed on behalf of Claimant Rickey Darcey (Rec. Doc. 12) is DENIED.

THUS DONE in Chambers, Lafayette, Louisiana on this 2nd day of November, 2026.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE